UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERALD JAVON HOWARD,

            Petitioner,

vs.                               Case No. 3:10-cv-376-J-37TEM

SECRETARY, DOC, et al.,

            Respondents.

_____

**ORDER**

**I. Status**

Petitioner Jerald Javon Howard initiated this action by filing a *pro se* Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition challenges a 2005 state court (Duval County) conviction for two counts of armed robbery. Five grounds of ineffective assistance of trial counsel are raised in the Petition: (1) ineffective assistance of trial counsel for failure to investigate, depose, and call Khaleena Thorpe; (2) ineffective assistance of trial counsel for failure to support the motion for judgment of acquittal with appropriate legal authority and with the argument that the state's failure to present the jury with evidence of Petitioner's middle

name rendered evidence of his identity as the perpetrator legally insufficient; (3) ineffective assistance of trial counsel for failure to object to the trial court's participation in the questioning of Louise Robinson; (4) ineffective assistance of trial counsel due to the cumulative effect of the errors committed by counsel; and (5) ineffective assistance of trial counsel for failure to object or to properly object to the opening and closing arguments of the prosecutor.

Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. #17) (hereinafter Response) and Exhibits to Response to Petition for Writ of Habeas Corpus (Doc. #18).[1]   Petitioner filed a notice that he did not intend to file a reply (Doc. #23). See Order (Doc. #6).  Five grounds for habeas relief are raised, and the Court is mindful of its responsibility to address each ground, Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992); however, no evidentiary proceedings are required in this Court.[2]

## II.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death

---

[1] The Court hereinafter refers to the Exhibits as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom, right-hand corner of each page of the Exhibit.  Otherwise, the page number on the particular document will be referenced.

[2] An evidentiary hearing was conducted in the state court on ground one, a claim of ineffective assistance of counsel, of the state court post conviction motion.  See Ex. 21.

Penalty Act (AEDPA).  "By its terms [28 U.S.C.] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions."  Harrington v. Richter, 131 S.Ct. 770, 784 (2011).  The exceptions are: (1) the state court's decision was contrary to clearly established federal law; or (2) there was an unreasonable application of clearly established federal law; or (3) the decision was based on an unreasonable determination of the facts.  Id. at 785.

There is a presumption of correctness of state courts' factual findings unless rebutted with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  This presumption applies to the factual determinations of both trial and appellate courts.  See Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

### III.  Ineffective Assistance of Counsel

Petitioner Howard claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

### IV.   Exhaustion and Procedural Default

There are prerequisites to a federal habeas review.   The Supreme Court of the United States, in addressing the question of exhaustion, explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (citation omitted)).   To provide the State with the necessary "opportunity," **the prisoner must "fairly present" his claim in each appropriate state court** (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. Duncan, supra, at 365-366, 115 S.Ct. 887; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added).   In Baldwin, the Supreme Court recognized a variety of ways a federal constitutional issue could be fairly presented to the state court: by citing the federal source of law, by citing a case deciding the claim on federal grounds, or by labeling the claim "federal." Id. at 32.

Procedural defaults may be excused under certain circumstances:   "[n]otwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for

and actual prejudice from the default; or (2) a fundamental miscarriage of justice." Id. at 890 (citations omitted). In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting Carrier, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." Id. at 1261 (quoting Carrier, 477 U.S. at 494, 106 S.Ct. 2639).

Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), cert. denied, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

## V.  Timeliness

Respondents calculate that the Petition was timely filed. Response at 2-5.  The Court accepts this calculation.

## VI.  Findings of Fact and Conclusions of Law

### A.  Ground One

Petitioner claims he received the ineffective assistance of trial counsel.  The Eleventh Circuit set forth the two-pronged test for establishing ineffective assistance of counsel:

> To succeed on these Sixth Amendment claims, [Petitioner] must show both deficient performance and prejudice: he must establish first that "counsel's representation fell below an objective standard of reasonableness," *and* then that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); accord Wiggins v. Smith, 539 U.S. 510, 521-22, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); Darden v. Wainwright, 477 U.S. 168, 184, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). "The question of whether an attorney's actions were actually the product of a tactical or strategic decision is an issue of fact, and a state court's decision concerning that issue is presumptively correct." Provenzano v. Singletary, 148 F.3d 1327, 1330 (11th Cir. 1998). However, "the question of whether the strategic or tactical decision is reasonable enough to fall within the wide range of professional competence is an issue of law not one of fact." Id.

> Under AEDPA, we accord deference to a state court's determinations on both Strickland prongs—performance and prejudice—so long as the state court reached the merits of the petitioner's claim, and reached both prongs of the Strickland analysis. Moreover,

- 6 -

> we are instructed to afford state court habeas
> decisions a strong presumption of deference,
> even when the state court adjudicates a
> petitioner's claim summarily—without an
> accompanying statement of reasons. <u>Harrington
> v. Richter</u>, --- U.S. ----, 131 S.Ct. 770, 780,
> 784, 178 L.Ed.2d 624 (2011); <u>Wright v. Sec'y
> for Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th
> Cir. 2002); <u>see</u> <u>also</u> <u>Renico v. Lett</u>, ---U.S.
> ----, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678
> (2010) ("AEDPA ... imposes a highly
> deferential standard for evaluating
> state-court rulings ... and demands that
> state-court decisions be given the benefit of
> the doubt." (citations and internal quotation
> marks omitted)).

<u>Ferrell v. Hall</u>, 640 F.3d 1199, 1223-24 (11th Cir. 2011). <u>See</u> <u>Rutherford v. Crosby</u>, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by <u>Strickland</u>, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision."), <u>cert</u>. <u>denied</u>, 544 U.S. 982 (2005).

In his first ground, Petitioner claims the ineffective assistance of trial counsel for failure investigate, depose, and call Khaleena Thorpe. This ground was raised in the Rule 3.850 motion and the Amended Rule 3.850 motion as ground one. Ex. 19 at 3-7, Ex. 26 at 4-8. The trial court determined this claim warranted an evidentiary hearing. Ex. 20 at 1, 3. After conducting an evidentiary hearing on May 15, 2008, Ex. 21, the trial court, on May 20, 2008, rejected this claim. Ex. 25. The court, in denying ground one, found:

> In Ground One of his motion, the Defendant alleges that he received ineffective assistance of counsel in that his trial attorney failed to investigate, and call as a witness at trial, one Khaleena Thorpe. He contends that Ms. Thorpe could have substantially impeached the testimony against him given by a key witness, one Louise Robinson. However, the unrefuted evidence is that the Defendant never gave the name of Ms. Thorpe to his trial attorney such that this alleged witness could have been utilized. There also is no showing that the attorney could have discovered the witness without the help of the Defendant.

Id. at 1-2.  On February 15, 2010, the decision was per curiam affirmed by the First District Court of Appeal.  Ex. 31.  The mandate issued on March 15, 2010.  Id.

Upon review, there was no unreasonable application of clearly established law in the state courts' decisions to reject the Strickland ineffectiveness claim.  Indeed, the decisions rejecting the claim of ineffective assistance of trial counsel are entitled to deference under AEDPA.  The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on ground one, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the

evidence presented in the state court proceedings.  <u>See</u> Response at 9-16.

## B.  Ground Two

In the second ground of the Petition, it is asserted that Petitioner received the ineffective assistance of trial counsel for failure to support the motion for judgment of acquittal with appropriate legal authority and with the argument that the state's failure to present the jury with evidence of Petitioner's middle name rendered evidence of his identity as the perpetrator legally insufficient.  This ground was raised in the Rule 3.850 motion and the Amended Rule 3.850 motion as ground two.  Ex. 19 at 7-11; Ex. 26 at 8-13.

With regard to ground two presented in the original Rule 3.850 motion, the trial court held:

> Next, Defendant claims he received ineffective assistance of trial counsel because his lawyer did not adequately argue motions for judgment of acquittal which were made at the end of the presentation of the State's case, and at the end of all evidence. The Defendant's conviction has now, however, been *per curiam* affirmed by the First District Court of Appeal (copy attached).  Obviously, then there were no grounds upon which a judgment of acquittal might have been entered.

Ex. 20 at 2.  Petitioner, at the evidentiary hearing on ground one, however, asked that he be allowed to amend grounds two through five.  Ex. 21 at 12.  The trial court granted this motion, <u>id</u>. at 12-13, and Petitioner raised ground two in the Amended Rule 3.850 motion.  Ex. 26 at 8-13.  In rejecting grounds two through five,

the court said: "[t]he Amended Motion for Post-Conviction Relief does not raise any grounds not addressed in the original motion for such relief.  Accordingly, the Orders attached hereto are still applicable."  Ex. 27 at 2.  Attached thereto are the Order on Motion for Post-Conviction Relief entered on April 7, 2008, and the Order on Motion for Post-Conviction Relief entered on May 20, 2008.  Ex. 27.  The First District Court of Appeal affirmed the trial court's decision on ground two.  Ex. 31.

The decisions of the state trial and appellate courts are entitled to deference under AEDPA because the adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on ground two, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See Response at 16-26.

In the alternative, ground two has no merit.  The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged.  Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997)(citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522

U.S. 1125 (1998).  The relevant question is whether the trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt.  Thompson, 118 F.3d at 1448.

After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact, in this case the jury, could have found Petitioner committed the armed robbery (two counts). See Response at 20-24.  The victims testified that Petitioner had a handgun.  Ex. 9, Trial Transcript at 150-51, 187.  At trial, both victims identified Petitioner as the individual who committed the offenses.  Id. at 155-56, 188.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support the convictions for armed robbery (two counts).  Competent evidence of the elements of the offenses was introduced at trial, and no due process violation occurred.  Defense counsel was not ineffective for failing to support the motion for judgment of acquittal with legal authority on the state's failure to establish Petitioner carried a firearm as defined by statute.  There was sufficient evidence presented that Petitioner carried a firearm during the armed robbery of the two victims.

Defense counsel was also not ineffective for failure to assert that the state failed to present evidence of Petitioner's middle name.  Petitioner was arrested and booked under the name Jerald Javon Howard. Ex. 1.  The information charged Jerald Javon Howard

- 11 -

with two counts of armed robbery.  Ex. 2.[3]  During jury selection, the trial court informed the venire that Petitioner's name was Jerald Javon Howard.  Ex. 9 at 8, 10, 11.  After the jury was sworn, the trial court informed the jury that they were selected and sworn to try the case of the State of Florida versus Jerald Javon Howard.  Id. at 134-35.  When the court read the charge, the jury was instructed that Jerald Javon Howard, the defendant in the case, was charged with the crime of armed robbery in counts one and two.  Id. at 384.  There was no objection to Petitioner being identified as Jerald Javon Howard throughout the criminal proceedings.  Petitioner has not offered any support for such an objection, he has not shown deficient performance or prejudice, and thus, he is not entitled to habeas relief on ground two.

### C.  Ground Three

Petitioner claims he received the ineffective assistance of trial counsel for failure to object to the trial court's participation in the questioning of Louise Robinson.  This claim was raised in the Rule 3.850 and Amended Rule 3.850 motions as ground three.  Ex. 19 at 11-14; Ex. 26 at 13-16.  The trial court denied this claim of ineffective assistance of counsel.  Ex. 20 at 2; Ex. 27 at 2.  The state appellate court affirmed.  Ex. 31.

In denying this ground, the trial court said:

> Next, Defendant claims that he received
> ineffective  assistance  of  trial  counsel

---

[3] The record does not contain a challenge to the information.

> because his lawyer failed to object to certain
> actions taken by the Court during the trial,
> with regard to a witness.  Defendant fails to
> demonstrate how the actions were legally
> objectionable, though, and this Court cannot
> discern any.

Ex. 20 at 2.  In denying the Amended Rule 3.850 motion, the court adopted its previous order as Petitioner had not raised any grounds not addressed in the original motion.  Ex. 27 at 2.  The appellate court affirmed.  Ex. 31.

The decisions of the state trial and appellate courts are entitled to deference under AEDPA.  The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on ground three of the Petition, a claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See Response at 26-33.

In the alternative, this claim has no merit.  The Court has thoroughly reviewed the trial transcript and finds that the questions posed or the statements made by the trial court were for clarification purposes, they were appropriate under the

circumstances, and they presented no reasonable grounds for objection by defense counsel.

For example, the prosecutor inquired:

> Q   How would you describe Nathaniel Davis?
>
> A [Louise Robinson] He's a neighborhood guy.
>
> MR. MESSORE [Defense Counsel]: Objection. Your Honor, relevance.
>
> THE COURT: **Yeah, I don't understand the question so I'm going to sustain the objection. If you're asking for a physical description, you can do that.**

Ex. 9 at 248 (emphasis added).

A description of Nathaniel Davis was provided by Louise Robinson, which included the following: "Nathaniel Davis is slimmer and he's very dark and he have those little dreads on top his head." Id.  The court asked: "[w]hat did you say Nathaniel Davis had in his hairstyle?"  Id. at 249.  Ms. Robinson responded: "[t]hose little dreads like."  Id.  The court said, "[d]reads." Ms. Robinson explained: "[t]wisted bangs in his hair."  Id.

Any objections by defense counsel to these questions or statements would have been fruitless as the questions were within the bounds allowed to ascertain the truth and clarify uncertainties.  Indeed, the court did not depart from neutrality and it did not express bias or prejudice.  Thus, Petitioner is not entitled to habeas relief on ground three of the Petition.

- 14 -

### D.  Ground Four

In ground four, Petitioner asserts that he received the ineffective assistance of counsel due to the cumulative effect of the errors committed by counsel.  This ground was presented in both the Rule 3.850 motion as well as the Amended Rule 3.850 motion as ground four.  Ex. 19 at 14-15; Ex. 26 at 16-17.

In rejecting this claim, the trial court explained:

> Defendant claims that the cumulative effect of trial counsel's errors in representing him constitute ineffective assistance.  In light of the fact that the Court will only grant a hearing as to one issue raised by Defendant, though, there could be no cumulative effect.

Ex. 20 at 2.  In denying the Amended Rule 3.850 motion, the trial court adopted this ruling.  Ex. 27 at 2.  The appellate court affirmed the trial court's decision.  Ex. 31.

Deference is due under AEDPA.  The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on ground four, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See Response at 33-37.

Alternatively, this claim is due to be denied.  The cumulative deficiencies of counsel claim is without merit.

> As set forth above, [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial.  See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied, 531 U.S. 849 (2000).  Petitioner is not entitled to relief on the basis of this claim of ineffective assistance of counsel alleging the cumulative errors of counsel.  Furthermore, since there were no errors of constitutional dimension, the cumulative effect of any errors would not subject Petitioner to a constitutional violation. See id.

This Court finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim fails." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).  Therefore, Petitioner is not entitled to habeas corpus relief on ground four of the Petition.

### E.  Ground Five

In his fifth ground, Petitioner contends his trial counsel was ineffective for failure to object or to properly object to the

opening and closing arguments of the prosecutor.   Petitioner claims:

> Defense counsel rendered ineffective assistance by failing to make a contemporaneous objection and properly preserve for appeal eight instances of prosecutorial misconduct that individually and collectively denied Defendant's rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and Article One, Section Nine of the Florida Constitution.

Ex. 19 at 16.

This claim was presented in ground five of the Rule 3.850 motion and Amended Rule 3.850 motion.   Ex. 19 at 16-33; Ex. 26 at 18-38.   This ground was addressed by the trial court as follows:

> Finally, Defendant asserts that he received ineffective assistance of trial counsel because his lawyer did not object to certain arguments made by the Assistant State Attorney, or did not object to others effectively.   The Court has closely examined, however, every instance of which Defendant complains.   It is unable to discern an instance where defense counsel did not object to an objectionable argument; or did not object effectively in those instances where objections were made.

Ex. 20 at 2-3.   In denying the Amended Rule 3.850 motion, the trial court adopted this ruling.   Ex. 27 at 2.   The First District Court of Appeal affirmed the decision of the trial court.   Ex. 31.

This claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA.   Upon review, there was no unreasonable application of clearly established law in the state courts' decision to reject the

Strickland ineffectiveness claim.  Indeed, the decisions rejecting the claim of ineffective assistance of trial counsel are entitled to deference under AEDPA.

The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground five of the Petition, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 38-78.

This Court finds Petitioner is not entitled to habeas relief on ground five.  In light of all the circumstances, defense counsel's performance was not outside the wide range of professional competence.  Furthermore, Petitioner has failed to satisfy the prejudice prong of Strickland.  Nothing argued by Petitioner supports a claim that the outcome of the trial would likely have been different but for trial counsel's performance.

In evaluating the performance prong of the Strickland ineffectiveness inquiry, the Court recognizes that there is a strong presumption in favor of competence.  The trial court concluded that defense counsel was not ineffective for failing to

make the objections suggested by Petitioner, in hindsight.  Even assuming deficient performance, Petitioner has not shown prejudice, as the trial court was convinced that defense counsel made appropriate objections to objectionable argument and the objections were effectively made.  Petitioner has not shown that a reasonable probability exists that the outcome of the proceeding would have been different if his lawyer had given the assistance that Petitioner has alleged should have been provided.  Accordingly, Petitioner's ineffectiveness claim is without merit since he has neither shown deficient performance nor resulting prejudice.

## VIII.  Certificate of Appealability

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted.  See Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.   If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

filed in this case.  Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this <u>5th</u> day of <u>November</u>, 2012.

ROY B. DALTON, JR.
United States District Judge

sa 10/30
c:
Jerald Javon Howard
Ass't A.G. (Jordan)